UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20009
Summary Calendar
_____

ROBERT D. DAWSON,

Plaintiff-Appellant,

VERSUS

KLEIN INDEPENDENT SCHOOL DISTRICT and DONALD COLLINS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-93-3137)
_____

July 31, 1995

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Robert Dawson appeals from the adverse summary judgment on his state and federal constitutional claims against the Klein Independent School District. We **AFFIRM**.

I.

Dawson was terminated from his position as tax assessor-collector for the District on April 21, 1992. The termination followed a hearing, at Dawson's request, by the District's Board of

_____

[1]    Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

Trustees. Thereupon, Dawson filed this action against the District and its superintendent, Donald Collins, claiming, among other things, that he was terminated without procedural due process. The district court granted the defendants' motion for summary judgment, holding, *inter alia*, that, as a matter of law, Dawson was afforded both notice and an opportunity to respond, and that Collins was entitled to qualified immunity.

## II.

First, Dawson challenges the summary judgment against his procedural due process claim.[2] Our review is *de novo*. ***Calpetco 1981 v. Marshall Exploration, Inc.***, 989 F.2d 1408, 1412 (5th Cir. 1993).

As the district court noted, the required process before termination of a government employee consists of two elements: notice and an opportunity to respond. ***Cleveland Bd. of Education v. Loudermill***, 470 U.S. 532, 545-46 (1985). Dawson received both. As early as June 4, 1991, more than ten months before his termination, Dawson received notice of numerous complaints regarding his professional demeanor (offensive remarks, loss of temper) and work activity (playing cards and performing outside work while on duty). On February 25, 1992, he was notified of additional complaints, and was reassigned as a "business officer",

---

[2] The District suggests that the summary judgment was not a final, appealable order because its counterclaim for attorneys' fees, pursuant to Fed. R. Civ. P. 11, is still pending. "[A] decision on the merits is final for purposes of appeal irrespective of the determination of attorneys' fees." ***Bogney v. Jones***, 904 F.2d 272, 273 n.1 (5th Cir. 1990).

- 2 -

pending an investigation.  On March 4, he received written notice from Collins that he was recommending Dawson's dismissal to the Board of Trustees.  And, on March 12, the Board of Trustees informed Dawson of their acceptance of Collins' recommendation, and of Dawson's right to a hearing.  Dawson requested a hearing; and, pursuant to his attorney's request, the hearing was moved from April 7 to April 21, 1992.  Dawson was aware of his right to call and cross-examine witnesses, and exercised those rights at the hearing.

Dawson claims that, prior to his hearing, he was not notified of the specific reasons for his dismissal. We disagree.  He was notified, well over a month before his hearing, that his pending termination arose from:  (1) failure to meet the District's standards of professional conduct, (2) failure to comply with administrative regulations, (3) failure to comply with official directives, and (3) conducting private for-profit business during work time.  Additionally, he received full disclosure of the evidence to be presented against him at his hearing, and was given additional time to prepare his defense.  Given the four charges, together with the specific evidence against him, Dawson's notice was more than sufficient for him to present his defense.  *E.g.* **Woodbury v. McKinnon**, 447 F.2d 839, 844 (5th Cir. 1971).[3]

---

[3]  Dawson also challenges the district court's conclusion that Collins is entitled to qualified immunity.  As a government official, Collins is entitled to qualified immunity unless his conduct violated Dawson's clearly established rights, *e.g.*, **Jefferson v. Ysleta Indep. Sch. Dist.,** 817 F.2d 303, 305 (5th Cir. 1987).  Because of our due process holding, we need not address this issue.

III.

For the foregoing reasons, the judgment is

**AFFIRMED**.

_____

The district court's summary judgment also dismissed the other related federal and state constitutional claims in Dawson's complaint. Dawson has not addressed them on appeal; therefore, they are abandoned.